# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **MARGIE ROOP** ) | |
| 1128 South Azalea Boulevard ) | |
| Barberton, Ohio 44615 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CASE NO. |
| **WORKPLACE SERVICES CORPORATION** ) | |
| **D/B/A LIFESERVICES EAP** ) | JUDGE |
| 1712 N. Meridian Street, Ste. 201 ) | |
| Indianapolis, IN 46202 ) | **COMPLAINT** |
| ) | |
| and ) | **JURY DEMAND ENDORSED HEREON** |
| ) | |
| **DANNY WILLIAMSON** ) | |
| 95 White Bridge Rd., Ste. 417 ) | |
| Nashville, TN 37205 ) | |
| ) | |
| Defendant. ) | |

Plaintiff Margie Roop ("Plaintiff") brings this Complaint against Defendants Workplace Services Corporation d/b/a LifeServices EAP ("LEAP") and Danny Williamson ("Williamson") (collectively "Defendants") and alleges as follows:

## PARTIES

1. Plaintiff is an adult individual residing in Barberton, Ohio.

2. LEAP is an Indiana corporation registered as a Foreign Corporation in Ohio. LEAP may be served via its registered agent, CT Corporation System, 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219.

3. Upon information and belief, Williamson is a Tennessee resident and can be served at 95 White Bridge Road, Suite 417, Nashville, TN 37205.

4. At all times material to this Complaint, LEAP was an "employer" within the meaning of the Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA") and the Ohio Civil Rights Act § 4112, *et seq.* ("OCRA").

5. At all times material to this Complaint, Williamson was LEAP's Director of Operations, and a "person" within the meaning of R.C. 4112.01.

6. At all times material to this Complaint, Plaintiff was an "employee" of LEAP within the meaning of the ADA and the OCRA.

## JURISDICTION AND VENUE

7. This case was previously pending in this Court as Case Number 5:19-cv-01845. It was voluntarily dismissed, without prejudice, on August 24, 2020.

8. This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 because it arises under the laws of the United States.

9. This Court has supplemental jurisdiction of Plaintiff's other claims pursuant to 28 U.S.C. § 1367(a) because they are so related to Plaintiff's federal law claims that they form part of the same case or controversy.

10. Venue is proper in this judicial district and division pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and division.

11. This Court has personal jurisdiction over Defendants because Defendants transact business in this state and caused tortious injury by an act or omission in this state.

## FACTUAL ALLEGATIONS

12. Plaintiff was employed by LEAP and its predecessors for approximately 21 years, most recently as Regional Director of LEAP's Ohio region, reporting to Williamson, until her

termination, which was effective on or about November 1, 2018.

13. During her employment with LEAP, Plaintiff was one of the highest performing Regional Directors in the Company.

14. In early 2018, Plaintiff disclosed to Defendants that she suffered from anxiety and depression.

15. In July 2018, Plaintiff took a medical leave of absence to have surgery for spinal stenosis and herniated disks.

16. In September 2018, Plaintiff disclosed to Williamson that she needed to take time off of work to care for her son, who was struggling with ongoing medical issues related to a traumatic brain injury he suffered several years prior.

17. Around that same time, Plaintiff also told Williamson that she was seeking treatment for her own mental health.

18. Approximately three weeks after disclosing to Williamson that she needed time off to help her son, Williamson informed Plaintiff, without any prior warning, that he was terminating her employment effective immediately.

19. On the day of her termination, Williamson told Plaintiff that he "knew what she was going through with her son" and that she "did not seem happy working for him," or words to that effect. Williamson did not give Plaintiff any other explanation for why her employment was terminated.

20. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about January 29, 2019.

21. On or about April 29, 2019, the EEOC issued Plaintiff a Notice of Right to Sue, a true and accurate copy of which is attached hereto as Exhibit 1.

22. As a result of Defendants' actions and inaction, as described herein, Plaintiff has suffered damages.

## COUNT I
### Disability Discrimination in Violation of the OCRA

23. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

24. At all relevant times, Plaintiff was disabled as defined by R.C. 4112.01, insofar as she suffered from a serious medical condition that substantially limited one or more of Plaintiff's major life activities.

25. In the alternative, Plaintiff was disabled as defined by R.C. 4112.01 because Defendants regarded her as disabled.

26. Plaintiff was qualified to perform the essential functions of the Regional Director position, with or without reasonable accommodation.

27. Defendants unlawfully discriminated against Plaintiff with respect to the terms, conditions and privileges of her employment because of her disability and/or because they regarded Plaintiff as disabled. These discriminatory acts include, but are not limited to, terminating Plaintiff's employment; targeting Plaintiff's position for elimination because of her disability; and refusing to transfer, re-assign or rehire Plaintiff to her former position or to other open positions for which she was qualified.

28. Defendants' actions and inaction, as described herein, constitutes disability discrimination in violation of R.C. 4112.02.

29. By virtue of Defendants' violation(s) of R.C. 4112.02, Defendants are subject to a civil action for damages, injunctive relief, and any other appropriate relief pursuant to R.C. 4112.99.

30. As a direct and proximate result of Defendants' violation of R.C. 4112.02, Plaintiff has suffered and will continue to suffer damages.

31. Defendants' discriminatory actions against Plaintiff were intentional, willful, reckless, and/or malicious, and render Defendant liable for past and future economic and non-economic compensatory and punitive damages, as well as reasonable attorneys' fees, costs, expenses, and any equitable relief that this Court deems appropriate pursuant to R.C. 4112.99.

## COUNT II
### Disability Discrimination Based on Association in Violation of the ADA (Against LEAP Only)

32. Plaintiff incorporates the allegations contained in the previous paragraphs as if fully rewritten herein.

33. Plaintiff was qualified to perform the essential functions of the Regional Director position, with or without reasonable accommodation.

34. LEAP knew that Plaintiff had a son with a disability.

35. LEAP unlawfully discriminated against Plaintiff with respect to the terms, conditions and privileges of her employment because of her association with a person with a disability. These discriminatory acts include, but are not limited to, terminating Plaintiff's employment; targeting Plaintiff's position for elimination because of her disability; and refusing to transfer, re-assign or rehire Plaintiff to her former position or to other open positions for which she was qualified.

36. LEAP's actions and inaction, as described herein, constitutes disability discrimination in violation of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.

5

37. As a direct and proximate result of LEAP's violation of the ADA, Plaintiff has suffered and will continue to suffer damages.

## COUNT III
**Retaliation in Violation of the Americans With Disabilities Act (Against LEAP Only)**

38. Plaintiff incorporates the allegations contained in the previous paragraphs as if fully rewritten herein.

39. Plaintiff engaged in protected activity by seeking an accommodation for her disability in the form of time off for surgery and stating that she would be seeking treatment for her own mental health.

40. LEAP was aware of Plaintiff's protected activity.

41. LEAP unlawfully retaliated against Plaintiff with respect to the terms, conditions and privileges of her employment because she engaged in protected activity. These retaliatory acts include, but are not limited to, terminating Plaintiff's employment; targeting Plaintiff's position for elimination because she engaged in protected activity; and refusing to transfer, re-assign or rehire Plaintiff to her former position or to other open positions for which she was qualified.

42. There is a causal connection between Plaintiff's protected activity and the retaliatory acts identified above.

43. LEAP's actions and inaction, as described herein, constitutes retaliation in violation of the ADA.

44. As a direct and proximate result of LEAP's violation of the ADA, Plaintiff has suffered and will continue to suffer damages.

## COUNT IV
### Retaliation in Violation of the OCRA

45. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

46. Plaintiff engaged in protected activity by seeking an accommodation for her disability in the form of time off for surgery and stating that she would be seeking treatment for her own mental health.

47. Defendants were aware of Plaintiff's protected activity.

48. Defendants unlawfully retaliated against Plaintiff with respect to the terms, conditions and privileges of her employment because she engaged in protected activity. These retaliatory acts include, but are not limited to, terminating Plaintiff's employment; targeting Plaintiff's position for elimination because she engaged in protected activity; and refusing to transfer, re-assign or rehire Plaintiff to her former position or to other open positions for which she was qualified.

49. Defendants' actions and inaction, as described herein, constitutes retaliation in violation of R.C. 4112.02.

50. By virtue of Defendants' violation(s) of R.C. 4112.02, Defendants are subject to a civil action for damages, injunctive relief, and any other appropriate relief pursuant to R.C. 4112.99.

51. As a direct and proximate result of Defendants' violation of R.C. 4112.02, Plaintiff has suffered and will continue to suffer damages.

52. Defendants' retaliatory actions against Plaintiff were intentional, willful, reckless, and/or malicious, and render Defendants liable for past and future economic and non-economic

compensatory and punitive damages, as well as reasonable attorneys' fees, costs, expenses, and any equitable relief that this Court deems appropriate pursuant to R.C. 4112.99.

## COUNT V
### Aiding and Abetting in Violation of R.C. 4112.02 (Against Williamson Only)

53. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

54. Williamson, by his actions and inaction described herein, aided, abetted, compelled, or coerced LEAP to engage in unlawful discriminatory practices, obstructed or prevented LEAP from complying with R.C. Chapter 4112, and attempted directly or indirectly to commit unlawful discriminatory practices. Those unlawful discriminatory practices include, but are not limited to, terminating Plaintiff's employment; targeting Plaintiff's position for elimination; and refusing to transfer, re-assign or rehire Plaintiff to her former position or to other open positions for which she was qualified.

55. Williamson's actions and inaction, as described herein, constitutes aiding, abetting, inciting, compelling, or coercing the doing of an unlawful discriminatory practice, in violation of R.C. 4112.02(J).

56. By virtue of Williamson's violation(s) of R.C. 4112.02, Williamson is subject to a civil action for damages, injunctive relief, and any other appropriate relief pursuant to R.C. 4112.99.

57. As a direct and proximate result of Williamson's violation of R.C. 4112.02, Plaintiff has suffered and will continue to suffer damages.

58. Williamson's actions against Plaintiff were intentional, willful, reckless, and/or malicious, and render Williamson liable for past and future economic and non-economic

compensatory and punitive damages, as well as reasonable attorneys' fees, costs, expenses, and any equitable relief that this Court deems appropriate pursuant to R.C. 4112.99.

## COUNT VI
### Breach of Contract (Against LEAP Only)

59. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

60. Plaintiff and LEAP were parties to an Employment Agreement effective August 17, 2004. A true and accurate copy of the Employment Agreement is attached hereto as Exhibit 2.

61. Pursuant to the terms of the Employment Agreement, Plaintiff was to be paid certain bonuses based on achieving certain goals including, without limitation, obtaining certain contracts.

62. The Employment Agreement constituted a contract between LEAP and Plaintiff.

63. Plaintiff fulfilled her obligations to LEAP under the Employment Agreement.

64. LEAP failed to fulfill its obligations to Plaintiff under the Employment Agreement by failing to compensate Plaintiff properly pursuant to the terms of the agreement.

65. As a result of LEAP's failure to fulfill its obligations under the Employment Agreement, Plaintiff has and continues to suffer damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff request judgment against Defendants as follows:

A. Awarding Plaintiff compensatory, noneconomic, and punitive damages for Defendants' unlawful conduct as set forth herein;

B. Awarding Plaintiff her reasonable costs and attorney fees necessarily incurred herein; and

C. Awarding Plaintiff such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Jeffrey J. Moyle*
**NILGES DRAHER LLC**
Jeffrey J. Moyle (0084854)
Christopher J. Lalak (0090079)
1360 E. 9th Street, Suite 808
Cleveland, Ohio 44114
Telephone: (216) 230-2955
Email: jmoyle@ohlaborlaw.com
clalak@ohlaborlaw.com

*Counsel for Plaintiff*

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all claims so triable.

*/s/ Jeffrey J. Moyle*
Jeffrey J. Moyle

*Counsel for Plaintiff*