UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARGIN ROOP, | ) | CASE NO. 5:21-cv-144 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| WORKPLACE SERVICES CORP., et al., | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the motion of defendant Workplace Services Corporation ("WSC") for leave to file an amended answer instanter. (Doc. No. 19.) Plaintiff Margie Roop ("Roop" or "plaintiff") filed a memorandum in opposition. (Doc. No. 21.) No reply was filed and the deadline for doing so has passed. For the reasons set forth herein, WSC's motion is **denied**.

**I.      Factual and Procedural Background**[1]

On July 12, 2019, Roop filed a complaint in Summit County Court of Common Pleas against WSC (dba LifeServices EAP[2]) and Danny Williamson ("Williamson") (together, "defendants"). On August 13, 2019, defendants filed in the state court both their answer and a notice of removal. Upon removal to this Court, the case was given the number 5:19-cv-1845 ("Case 1") and assigned to the undersigned judge. Case 1 was subsequently dismissed without prejudice, upon the parties' joint stipulation. When the instant case ("Case 2") was filed, it was

---

[1] All page citations herein are to the consecutive page numbers assigned to each individual document by the Court's electronic filing system.

[2] This complaint gives WSC the shorthand designation of "LEAP."

identified by Roop as a refiling of Case 1. Therefore, Case 2 was also assigned to the undersigned judge pursuant to Local Rule 3.1(b)(4).

Roop's complaint filed in Case 1 alleged claims of disability discrimination and retaliation under both federal and state law. (Case 1, Doc. No. 1-3.)[3] Defendants' answer set forth general denials and defenses, along with several affirmative defenses. A statute of limitations defense was notably *not* among the affirmative defenses pleaded in Case 1.[4] (Case 1, Doc. No. 1-4.) This Court conducted the Case Management Conference ("CMC") and issued the Case Management Plan and Trial Order ("CMPTO"). (Case 1, Doc. No. 9.) The CMPTO was subsequently amended once (Case 1, Doc. No. 15), on the parties' joint motion.

In late July 2020, Roop's husband suffered an unexpected major medical event. As a result, Roop requested, and defendants agreed, that she be permitted to voluntarily dismiss Case 1 without prejudice, to be refiled after her husband recovered. The jointly approved dismissal without prejudice was filed on August 24, 2020. (Case 1, Doc. No. 18.) At that time, much of the fact discovery would have likely been complete, since the deadline set by the first amended CMPTO was September 10, 2020.

On January 19, 2021, Roop filed Case 2.[5] She states that, rather than go through an inevitable removal process, she simply filed her case directly in federal court, asserting the exact same claims as in Case 1. (Case 2, Doc. No. 21 at 2.) Neither defendant disputes this assertion.

---

[3] To avoid confusion, all record references herein will indicate both the case (either "Case 1" or "Case 2") and the docket number in the respective case.

[4] Such defense likely could not have been raised, given that Roop alleged receipt of her right to sue letter on April 29, 2019 and her complaint was filed on July 12, 2019, within the 90-day statute of limitations period that both parties agree applies.

[5] By this time, unfortunately, Roop's husband had passed away. (Case 2, Doc. No. 21 at 2 n.1.)

On February 23, 2021, the defendants, both represented by the same counsel who had represented them in Case 1, filed a joint answer to the complaint. (Case 2, Doc. No. 6.) As in Case 1, there was no statute of limitations defense included among the affirmative defenses.

On April 15, 2021, the Court conducted the CMC in Case 2 with counsel for both sides participating by telephone. Following that conference, the Court issued the CMPTO, adopting, *inter alia*, the parties' own recommendation for a deadline to add parties or amend pleadings—April 22, 2021. (Case 2, Doc. No. 13.)

On June 29, 2021, two new attorneys appeared on behalf of defendants. (Case 2, Doc. Nos. 14; 15.)[6] About three weeks later, WSC's new counsel informed plaintff's counsel that WSC would be seeking leave to amend its answer so as to include a statute of limitations defense, offering no explanation why the defense could not have been raised prior to the deadline for amending pleadings. (Case 2, Doc. No. 21 at 2.)

On July 22, 2021, the parties filed a joint motion for extension of the CMPTO dates and deadlines (Case 2, Doc. No. 17) and, on July 23, 2021, WSC filed the instant motion for leave to amend its answer (Case 2, Doc. No. 19). The Court granted the motion to extend deadlines, adopting all of the dates suggested by the parties. (Case 2, Doc. No. 20, first amended CMPTO.)

## II.     Discussion

WSC argues in the instant motion that it should be granted leave to amend its answer for several reasons.

First, WSC asserts that, under Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." (Case 2, Doc. No. 19 at 3, citing *Foman v. Davis*, 371 U.S.

---

[6] Defendants' original attorneys have not yet withdrawn and it is not clear whether they still represent defendants.

178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962) (in the absence of "undue delay, bad faith or dilatory motive on the part of the movant . . . [or] undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.[,] the leave sought should, as the rules require, be 'freely given.'").)

Second, WSC claims that amendment is necessary in order to add an affirmative defense based on statute of limitations and amendment is, therefore, not futile. (Case 2, Doc. No. 19 at 4–5.) In support of this argument, WSC cites *Nitch v. E. Gateway Cmty. Coll.*, No. 4:19-cv-2490, 2020 WL 5203491, at *2 (N.D. Ohio Aug. 31, 2020), *aff'd* 857 F. App'x 222 (6th Cir. 2021), wherein the district court held that "[r]einstating a case after it has been voluntarily dismissed without prejudice does not toll the statute of limitations for filing a subsequent action." *See also Garrett v. Weyerhaeuser Co.*, 191 F.3d 451 (Table), 1999 WL 777652, at *1 (6th Cir. Sept. 17, 1999) ("If a plaintiff in possession of a right-to-sue letter files suit within this [90-day] period, but later dismisses the lawsuit without prejudice, courts will regard that plaintiff as never having filed that suit and will not toll the statutory filing period of [the relevant statute]").

Third, WSC states that this is its first request to amend and it is not made for purposes of delay, but is made with notice to Roop, without bad faith, and with no undue prejudice to Roop. (Case 2, Doc. No. 19 at 6.) WSC asserts that the motion was filed "less that four weeks after the appearance . . . of the undersigned new counsel . . . and prior to the commencement of any discovery." (Case 2, Doc. No. 19 at 6.)

Fourth, WSC argues that, although the CMPTO deadline for amending pleadings (April 22, 2021) has passed, under Fed. R. Civ. P. 16(b)(4) there is "good cause" for amending the answer, namely, that WSC has been "diligent in attempting to comply with the deadline the court imposed." (Case 2, Doc. No. 19 at 6, citing *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002).) WSC

4

also points to the parties' joint motion to extend the CMPTO (filed a day before the instant motion to amend and since granted (*see* Case 2, Doc. Nos. 17 and 20)), arguing that the extension will "provide sufficient time to conduct discovery and proceed to trial (if necessary) notwithstanding the amendment." (Case 2, Doc. No. 19 at 7.)

All of WSC's arguments are unavailing for one reason—under Rule 8(c) of the Federal Rules of Civil Procedure, "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including: . . . statute of limitations[.]" Fed. R. Civ. P. 8(c). "'Failure to plead an affirmative defense in the first responsive pleading to a complaint generally results in a waiver of that defense.'" *Wallace v. Coffee Cty., TN*, 852 F. App'x 871, 875 (6th Cir. 2021) (quoting *Horton v. Potter*, 369 F.3d 906, 911 (6th Cir. 2004) (citing Fed. R. Civ. P. 8(c))). "This applies to a statute of limitations defense." *Id*.

While it is true that, under the case law cited by WSC, Roop's dismissal of Case 1 without prejudice (even with defendants' approval) likely did not toll the 90-day period within which she needed to refile her lawsuit, when Roop did refile on January 19, 2021, alleging all of the same facts, including that she received her right to sue letter on April 29, 2019, WSC filed an answer in Case 2 that contained no statute of limitations affirmative defense, thus waiving that defense, even though, unlike in Case 1, it likely *could* have been asserted in Case 2. *Ruiz v. Shelby Cnty. Sheriff's Dep't*, 725 F.2d 388, 391 (6th Cir. 1984) ("[A]n alleged failure to comply with the 90 day filing period . . . is an affirmative defense which is properly plead[ed] in an answer to the complaint.") (citing Fed. R. Civ. P. 8(c)); *see also Truitt v. County of Wayne*, 148 F.3d 644, 647 (6th Cir. 1998) ("[W]e hold that the ninety-day filing requirement . . . is not a jurisdictional requirement but, instead, is a timing requirement similar to a statute of limitations, subject to waiver, estoppel and equitable tolling.").

A court may "sometimes bend this [waiver] rule, specifically where defendants file a motion for summary judgment before they file a responsive pleading, or where raising the defense for the first time in a motion does 'not result in surprise or unfair prejudice' to the plaintiff." *Wallace*, 852 F. App'x at 875 (citing *Stupak-Thrall v. Glickman*, 346 F.3d 579, 585 (6th Cir. 2003); *Smith v. Sushka*, 117 F.3d 965, 969 (6th Cir. 1997)). In *Wallace*, the court concluded that failure to plead the defense in the answer constituted a waiver since no dispositive motion had been filed for more than a year after the litigation commenced.

WSC argues that the instant motion for leave to amend was "filed less than four weeks after the appearance in this case of the undersigned new counsel[.]" (Case 2, Doc. No. 19 at 6.) But appearance of new counsel does not constitute "good cause" to grant leave to amend under Fed. R. Civ. P. 16(b)(4).

In *Cline v. Gowing*, No. 1:04-cv-833, 2007 WL 978098 (N.D. Ohio Mar. 29, 2007), the movant claimed that its need to obtain new counsel constituted the requisite "good cause" for entitlement to untimely amend its answer to add affirmative defenses. The court disagreed, stating:

> The [movants] have not explained how the defenses they seek to add are based upon information discovered since the deadline to amend pleadings, or the filing of their answer. They have not explained how it was impossible for them to have discovered that the defenses were available to them prior to either of those dates. In other words, the defenses the [movants] now request could have, and should have, been pleaded in their initial answer. Their failure to plead them does not constitute good cause, and the plaintiffs would suffer prejudice in dealing with new defenses almost two years after the pleadings have been finalized. The court finds that good cause does not exist to excuse the [movants'] failure to plead the defenses, and that undue prejudice to the plaintiffs would result from granting the motion for leave to amend. Therefore, the court denies the . . . motion for leave to amend.

*Id*. at *4 (rejecting the appearance of new counsel as "good cause" for late amending to add an affirmative defense).

6

Other courts agree with this position. For example, in *Am. Builders & Contractors Supply Co. v. Precision Roofing & Constr., LLC*, No. 2:17-cv-97, 2018 WL 358508, at *2 (M.D. Ala. Jan. 10, 2018), the district court concluded that "to find good cause simply on the basis of the party getting new counsel would be to allow a party to manufacture good cause at any time simply by switching counsel." The court noted that "the relevant question is not when the party decided to make the amendment, but when the facts on which the proposed amendment is based were available . . . . There has been no showing in this case that the facts underlying the affirmative defenses the [d]efendants seek to add were not available before the Uniform Scheduling Order deadline." *Id*. (citations omitted).

The same is true here. Although the original answer filed in Case 2 "reserve[d] the right to raise any and all additional defenses and affirmative defenses not now known, but which may arise *as discovery brings more facts to light*[,]" (Case 2, Doc. No. 6 at 5, ¶ 50 (emphasis added)), the instant motion makes no argument that additional facts brought to light during the course of proceedings have revealed the new statute of limitations defense. This proposed defense is based on plaintiff's alleged "failure to file suit within 90 days of receipt of a right-to-sue notice[.]" (Case 2, Doc. No. 19 at 1.) Alleged untimeliness of filing was a fact that was known at the time the initial answer was filed.

WSC argues that, because the parties have agreed, with the Court's approval, to extend the dates and deadlines in the Case Management Plan and Trial Order ("CMPTO"), there will be no prejudice to Roop because the new deadlines "will provide sufficient time to conduct discovery and proceed to trial (if necessary) notwithstanding the amendment." (Case 2, Doc. No. 19 at 7.) But WSC fails to note that the parties did not request (and this Court did not grant) an extension of the April 22, 2021 deadline for amending pleadings when they jointly moved for an extension

7

of deadlines. (*See* Case 2, Doc. No. 17; *also compare* Case 2, Doc. No. 13 (CMPTO) and Doc. No. 20 (first amended CMPTO) (both containing the same deadline to amend pleadings).)

Here, the only new fact is the appearance of new counsel who discovered a "new" affirmative defense. But that defense is *not* new; since it was apparent from the face of the complaint in Case 2, the defense could have, and should have, been pleaded in the original answer—but was not. Roop is entitled to rely upon this as a waiver.

Finally, although Roop has not made this argument, she could not be faulted (especially under the particular circumstances of this case recounted above) if she believed that defendants' consent to the voluntary dismissal without prejudice of Case 1 amounted to a tacit agreement *not* to raise a statute of limitations defense upon her refiling, a fact that appeared to be confirmed when defendants filed their initial answer in Case 2 that did *not* contain the defense.[7] Since there would be no way, without tolling, that Roop's refiling could meet the 90-day deadline, it is unlikely she would have dismissed Case 1 without defendants' agreement to forego raising the defense upon her refiling. Under these circumstances, allowing WSC to raise that defense now would amount to both the "surprise" and the "unfair prejudice" prohibited under Sixth Circuit case law.

---

[7] Admittedly, it would have been better practice to preserve any such agreement in writing (*i.e.*, in the language of the dismissal of Case 1), which was not done here.

8

### III. Conclusion

For the reasons set forth herein, the motion of defendant Workplace Services Corporation for leave to file an amended answer to add the affirmative defense of statute of limitations (Doc. No. 19) is **denied**.

**IT IS SO ORDERED**.

Dated: October 26, 2021

                                                    **HONORABLE SARA LIOI**
                                                    **UNITED STATES DISTRICT JUDGE**